# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Xavier L. McCoy, <br>            Plaintiff, <br><br> v. <br><br> SCDC; <br> Mr. Warden Bazzle; <br> Mr. Asst. Warden Claytor; <br> Mr. Capt. Byrd: <br> Mr. Major Bush; <br> Mr. Capt. Miller; <br> Mr. D.E. Crisp State Classification; <br> Mr. M. Matthew State Classification; <br> Ms. F. Ogunsile Case Manager; and, <br> Mr. N. Coggins DOI SCDC Headquarter, <br><br>            Defendants. | C.A. No.: 4:08-2930-PMD-TER <br><br> **ORDER** |

This matter is before the court on Plaintiff Xavier L. McCoy's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 on August 25, 2008 alleging that the Defendants violated his constitutional rights when Captain Byrd allegedly touched Plaintiff on his buttocks when he was going back to his cell after being taken out for recreation.

On January 19, 2009, Defendants filed a Motion for Summary Judgment. As Plaintiff is proceeding *pro se*, the court advised him on January 20, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), that if he failed to respond to Defendants' motion, a dismissal of his complaint could result. Plaintiff filed a response to the Defendant's motion for summary judgment and filed a cross motion for summary judgment. The matter was referred to a United States Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted and Plaintiff's motion for summary

1

judgment be dismissed. Plaintiff filed Objections to the Report and Recommendation on August 18, 2009. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

### A. Facts

Plaintiff is an inmate currently confined at the McCormick Correctional Institution ("MCI"). Plaintiff alleges that on March 29, 2007 he was inappropriately touched on his buttocks by Captain Byrd while house in the Special Management Unit ("SMU") at the Perry Correctional Institution ("PCI"). Plaintiff alleges that Captain Byrd touched him on his buttocks when he was going back to his cell after being taken for recreation. Plaintiff claims that the touch is sexual harassment and that Captain Byrd has violated the Eighth Amendment. Plaintiff also claims that the other defendants have violated the Constitution by ignoring his sexual harassment claim.

SMU is the most secure area at the prison and is used to house inmates who present a higher security risk at a higher security level. (Miller aff., Byrd aff.). Inmates are generally placed in SMU for some type of violent or disruptive behavior or disciplinary violations within the Institution and are not allowed to travel to any area outside of their cell without being escorted by officers. (*Id.*). Further, the SMU inmates are to be strip searched when they exit or enter their cell. (*Id.*). Not all guards strip search inmates each time they enter or exit their cell; however, the defendants claim that because Captain Byrd does strip search inmates each time they enter or exit their cell, some inmates do not like Captain Byrd. (Miller aff., Goddard aff.). Captain Byrd has no recollection of any occasion when he touched the Plaintiff on the buttocks.

(Byrd aff.). Byrd attests that he never touched plaintiff in an inappropriate or sexual manner and has no recollection of any occasion where he touched the plaintiff's buttocks but states that "it is possible that I inadvertently touched the plaintiff while escorting back from recreation." (*Id.*). Byrd attests that this could have occurred for a number of reasons such as if the plaintiff stopped suddenly or if he was distracted by another inmate. (*Id.*) However, Byrd attests that on no occasion did he intentionally touch the plaintiff's buttocks. (*Id.*). The Magistrate Judge summarizes the Defendants' remaining affidavits in the R&R, and those summaries are incorporated by reference into this Order.

## STANDARD OF REVIEW

### A. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

B.      **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

A.      **Prison Litigation Reform Act**

In their motion for summary judgment, Defendants argue that Plaintiff's case should be dismissed pursuant to the Prison Litigation Reform Act ("PLRA") because Plaintiff has failed to point to any physical injury that he has suffered as a result of the Defendants' actions or inactions. The Magistrate Judge found that a review of the complaint reveals that Plaintiff did not allege any physical injury as a result of the alleged incident, and the court agrees. Plaintiff states in his complaint that he was hurt because Officer Byrd touched his buttocks. In the grievances attached to the complaint, Plaintiff asserted at one point that he was frightened, frustrated, and miserable, and that he needed to be separated from Byrd. In his response to the motion for summary judgment, Plaintiff states that he is "humiliated and paranoid after the incident."

Even assuming Plaintiff's allegations as raised in the complaint are true, the Magistrate Judge found that Plaintiff has failed to establish sufficient injury. The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e.

The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit has held that "physical injury" must be more than *de minimis*, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (holding that a sore, bruised ear lasting for three days was *de minimis* and failed to meet the requisite physical injury to support an Eighth Amendment claim or a claim for emotional or mental suffering). In this case, the Magistrate Judge found that Plaintiff has not made a showing of physical injury which is more than *de minimis,* and the court agrees.

Plaintiff objects to the Magistrate Judge's finding on this issue and states that "Plaintiff does not have to argue any physical injury because frightened, frustrated, miserable, humiliated, paranoid, abuse, and sexual harassment fall under injury . . . the physical injury does not have to mean actual physical damage to plaintiff [sic] body." (Objections, p. 5). The court finds Plaintiff's objections to be meritless as an incorrect statement of the PLRA's requirements. As stated above, the PLRA requires Plaintiff show a physical injury before he can claim mental or emotional suffering.

**B.** **Plaintiff's Eighth Amendment Claim**

The Magistrate Judge found that even if Plaintiff's claim was not dismissed pursuant to the PLRA, it should be dismissed under the rule that "[a]n injury need not be severe or permanent to be actionable under the Eighth Amendment, but it must be more than *de minimis*."

*Norman v. Taylor*, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (finding *de minimis* injury where a guard swung a set of cell keys at the prisoner, striking him once on the thumb); *see also Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* use of physical force.").

The Supreme Court has applied the application of the Eighth Amendment's prohibition against "cruel and unusual punishments" to the treatment of prisoners by prison officials. In this context, the Court has stated that the Eighth Amendment forbids "'the unnecessary and wanton infliction of pain.'" *Whitely v. Albers,* 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). "The analysis for determining whether an unconstitutional infliction of pain has occurred includes both an objective and subjective component. Under the objective component . . . a reviewing court is to ask whether 'the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation.'" *Norman v. Taylor*, 25 F.3d 1259, 1262 (4th Cir. 1994). While the Eighth Amendment does not require a prisoner to prove that he has suffered "significant injury," the Eighth Amendment does require that the prisoner allege more than *de minimis* physical force or physical injury. *Id.*

Plaintiff has alleged that Defendant Byrd touched his buttocks on March 29, 2007 while Plaintiff was returning to his cell from the recreation field. Additionally, Plaintiff does not assert that he was injured in any way from the alleged touch except for emotional injuries in being humiliated and frightened. The Eighth Amendment "establishes only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment,'" and, therefore, inherent in the Eighth Amendment is the principle that "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Riley v. Dorton*, 115 F.3d 1159,

1167-68 (4th Cir. 1997) (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). According to the Fourth Circuit in *Riley,* without requiring more than a *de minimis* injury, "every touch would be actionable and every alleged 'push or shove' would entitle plaintiff to a trial." *Riley,* 115 F.3d at 1167. The *Riley* court explains the importance of requiring more than *de minimis* injury in stating the following:

> This is no idle concern. Those in detention often detest those charged with supervising their confinement, and seek to even the score through the medium of a lawsuit. The Constitution, however, does not exist to scoop up every last speck of detainee discontent. To hold that every incident involving contact between an officer and a detainee creates a constitutional action, even in the absence of injury, trivializes the nation's fundamental document.

*Id.*

In this case, even assuming Plaintiff's allegations are true, Plaintiff only claims that Defendant Byrd touched his buttocks. Plaintiff does not claim any physical injury or pain and only claims emotional injury such as humiliation and frustration. Defendant Byrd states that if he did touch Plaintiff's buttocks, it was inadvertent, and Plaintiff has not introduced any evidence to controvert Byrd's statement. The court agrees with the Magistrate Judge that Plaintiff's injury, if at all, is *de minimis* and that, therefore, Plaintiff has failed to establish facts sufficient to support a claim for a violation of the Eighth Amendment.

With respect to Plaintiff's claims against defendants other than Defendant Byrd, Plaintiff alleges in his complaint and in his objections that they are liable for knowing about the alleged sexual harassment and for failing to respond reasonably to it. (Objections p. 6). A supervisor can be liable for a constitutional injury inflicted by a subordinate if (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed an unreasonable risk of constitutional injury to the Plaintiff; (2) the supervisor's response was so inadequate as to

constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Additionally, supervisory liability may not be based on *respondeat superior* but only on the supervisor's own wrongful acts or omissions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). As discussed above, there is not "a constitutional injury inflicted by a subordinate" to underlie such a supervisory liability claim. Therefore, as there is no underlying constitutional violation, Plaintiff's claims of supervisory liability are meritless.

C.  **Defendant's Immunity from Suit**

The Magistrate Judge concluded that Defendants in their individual capacity are entitled to qualified immunity because Plaintiff failed to show that Defendants violated any of his clearly established constitutional or statutory rights. The Magistrate Judge also found that the defendants in their official capacity and the South Carolina Department of Corrections as a state agency are entitled to Eleventh Amendment immunity.

The Plaintiff objects to the Magistrate's finding with respect to qualified immunity; however, because the court has decided above that Plaintiff has failed to establish a constitutional violation, it is unnecessary to discuss immunity in this Order.

D.  **State Law Claims**

To the extent that Plaintiff asserts claims under South Carolina law, any such claims are premised on supplemental jurisdiction. Because the court grants Defendants' motion for summary judgment on all of Plaintiff's claims for which it has original jurisdiction, the court also dismisses any additional claims for relief under state law for lack of jurisdiction. 28 U.S.C. § 1367(c)(4).

## **CONCLUSION**

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Defendants' Motion for Summary Judgment be **GRANTED**, that Plaintiff's Motion for Summary Judgment be **DENIED**, and that any other outstanding motions be deemed **MOOT**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 28, 2009**
**Charleston, SC**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.